**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 98-1819

———————

MICHAEL E. YARBOROUGH,

Plaintiff - Appellant,

versus

RADIO SHACK/TANDY CORPORATION,

Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, District Judge. (CA-96-152-7-F)

———————

Submitted:  October 30, 1998          Decided:  December 15, 1998

———————

Before NIEMEYER and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Geraldine Summer, FERGUSON, STEIN, WALLS, ATKINS, GRESHAM & SUMMER, P.A., Charlotte, North Carolina, for Appellant.  James B. Spears, Jr., John D. Cole, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, L.L.C., Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael E. Yarborough appeals a district court order granting Radio Shack/Tandy Corporation's motion for summary judgment and dismissing Yarborough's employment discrimination action and related claims. We dismiss this appeal for lack of jurisdiction because Yarborough has filed an untimely notice of appeal.

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions are accorded thirty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). This appeal period may be extended under Fed. R. App. P. 4(a)(5) or reopened under Fed. R. App. P. 4(a)(6).

The district court entered its judgment on April 9, 1998; Yarborough's notice of appeal was filed on May 12, 1998. Because May 9, 1998, was a Saturday, the filing period was extended to the following Monday, May 11, 1998. See Fed. R. App. P. 26(a)(3). Although Yarborough's counsel dated the notice of appeal May 11, 1998, the record reflects that the notice of appeal was not filed with the clerk until May 12, 1998, one day beyond the filing period. See Fed. R. App. P. 25(a)(2)(A).

2

Yarborough's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED